# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 23, 2024

Lyle W. Cayce
Clerk

No. 22-50687
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RODNEY MACPHERSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-134-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Rodney MacPherson challenges his below-Guidelines 170-months' imprisonment imposed after his guilty-plea conviction for conspiracy to possess with intent to distribute at least 500 grams of a mixture or substance containing methamphetamine; in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii). He contends the court should not have attributed two

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

kilograms of methamphetamine to him as relevant conduct because he did not participate in the trip to Houston, Texas, for the transaction.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "[T]he district court's determination of what constitutes relevant conduct for purposes of sentencing is a factual finding that is reviewed for clear error". *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019) (citation omitted).

The Guidelines provide that, when applied to "jointly undertaken criminal activity", relevant conduct includes "all acts and omissions of others": "(i) within the scope of the jointly undertaken criminal activity, (ii) in furtherance of that criminal activity, and (iii) reasonably foreseeable in connection with that criminal activity". Guideline § 1B1.3(a)(1)(B) & cmt. n.3(A). "In a drug-trafficking case, relevant conduct may include all acts and omissions 'that were part of the same course of conduct or common scheme or plan as the offense of conviction.'" *Barfield*, 941 F.3d at 762 (quoting Guideline § 1B1.3(a)(2)).

The district court did not clearly err in its challenged relevant-conduct finding. MacPherson was engaged in a jointly undertaken criminal activity with a co-conspirator who obtained the two kilograms of methamphetamine from Houston; the trip by the co-conspirator, which MacPherson did not

No. 22-50687

take, was in furtherance of the criminal activity; and it was reasonably foreseeable to MacPherson in connection with the criminal activity. *See* Guideline § 1B1.3(a)(1)(B); *Barfield*, 941 F.3d at 761–63.

AFFIRMED.